# Grauman Law P.C.

Attorneys Admitted New York,
Florida,
New Jersey

125-16 Queens Boulevard
Kew Gardens, New York 11415
T 718-554-1616
F 212.208.2779
scott@graumanlaw.com
www.graumanlaw.com

June 11, 2025

Hon. Natasha C. Merle
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Koran Chambers v. David Kirschner et al.* – Civil Action No. 25-cv-2860-NCM-JRC

Dear Judge Merle:

I represent Defendant, Sean Anthony McNicholas ("Mr. McNicholas") improperly named as Sean Anthony McNicolas in Plaintiff Koran Chambers' Summons and Complaint. I am writing to request a pre-motion conference, pursuant to Your Honor's Individual Rules and Practices, as Mr. McNicholas intends to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss as the Complaint fails to state a claim upon which relief can be granted. If the Court determines that a pre-motion conference is not necessary, I respectfully request that the Court issue a briefing schedule that provides Mr. McNicholas with thirty days to make a motion to dismiss.

**Plaintiff Cannot Maintain a Section 1983 Claim Against a Court-Appointed Attorney**

As provided in the Complaint, Mr. McNicholas represented the Plaintiff for a portion of his criminal case. Complaint ¶ II.B., ECF No. 1. Though Mr. McNicholas acted as Plaintiff's court-appointed representative pursuant to County Law § 18-B, whether Mr. McNicholas was a court-appointed attorney or a private attorney, Plaintiff cannot maintain a Section 1983 action against Mr. McNicholas, and Plaintiff's Complaint fails to state a claim upon which relief can be granted. Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citing cases). See Schieferstein v. Howland, 24-CV-07879-HG-ARL, 2024 WL 4827735 (Nov. 19, 2024) (explaining that private attorneys and law firms do not act under color of state law and are not state actors for purposes of Section 1983 by virtue of their state-issued licenses to practice law).

The Complaint also fails to state a claim upon which relief can be granted because it fails to meet the pleading standards set forth in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), which

requires that a complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Bell Atlantic</u>, 550 U.S. at 554-56. The complaint lacks specific factual allegations against Mr. McNicholas that would support a plausible claim for relief. <u>Id.</u> It merely asserts broad and conclusory allegations without detailing how Mr. McNicholas's actions violated Plaintiff's civil rights. Accordingly, the Complaint should not survive Mr. McNicholas' impending motion to dismiss.

Because Plaintiff's Complaint fails to state a claim against Mr. McNicholas, this Court should dismiss the Complaint against Mr. McNicholas pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, the undersigned respectfully requests a stay of discovery. Pursuant to FRCP 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for good cause shown." <u>Chesney v. Valley Stream Union Free School Dist. No. 24</u>, 236 F.R.D. 113, 115 (E.D.N.Y. Mar. 28, 2006) (internal quotation marks omitted) (citing cases). When assessing whether a stay is appropriate, a district court considers "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." <u>Id.</u> In the instant matter, Defendant has clearly demonstrated the Plaintiff's claim lacks merit. Additionally, given that the complicated nature of the issues in the underlying criminal matter, discovery would impose significant burdens on Defendant McNicholas. Finally, a stay in discovery would impose no risk of unfair prejudice to Plaintiff. Should Plaintiff successfully oppose the motion to dismiss, Plaintiff may proceed with discovery in due course.

    Thank you for your consideration.

                                            Respectfully submitted,
                                            GRAUMAN LAW, PC
                                            */s/ Scott A. Grauman*
                                            Scott A. Grauman, Esq.

Cc:    Koran Chambers
        104-09 189th St.
        Saint Albans, New York 11412

        Koran Chambers
        Eric M. Taylor Center (EMTC)
        10-10 Hazen Street
        East Elhurst, New York 11370
        NYSID: 00190434K
        Book & Case Number: 4102500238

        Hon. David J. Kirschner
        Queens County Criminal Supreme Court Justice
        125-01 Queens Boulevard, Part K-23
        Kew Gardens, New York 11415

Maxwell Stephen Piller
Assistant District Attorney
Queens County District Attorney
125-55 Queens Boulevard
Kew Gardens, New York 11415

Det. Joseph Keegan, Sheild No. 17824
New York City Police Department
113th Precinct
167-02 Baisley Blvd.
Jamaica, New York 11434